IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID K. HARRISON, | ) | 8:09CV318 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner David Harrison's ("Harrison") Petition for Writ of Habeas Corpus. (Filing No. 1.) Also pending are Harrison's Application for Certificate of Appealability (filing no. 5) and Motion to Appoint Counsel (filing no. 6).

## *I. Background*

Harrison is serving a life sentence for first-degree murder and is in the custody of the Nebraska Department of Correctional Services. (Filing No. 1.) This is Harrison's third petition relating to his conviction for first-degree murder. *See Harrison v. Dahm*, 880 F.2d 999 (8th Cir. 1989) (affirming the court's denial of Harrison's petition); and *Harrison v. Clark*, No. 4:02CV3329 (D. Neb.) (dismissing Harrison's successive petition because not certified by the Eighth Circuit Court of Appeals) (Case No. 4:02CV3329, Filing Nos. 16 and 17).

## *II. Analysis*

Harrison admits, and the court agrees, that his Petition is successive. (Filing No. 5.) Rule 9 governing Section 2254 cases provides that:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

Id. Similarly, Section 2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Id. The United States Supreme Court established a process for court of appeals' review of successive petitions:

> In AEDPA, Congress established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. Felker v. Turpin, 518 U.S. 651, 657 ... (1996); § 2244(b). An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application. § 2244(b)(3)(A). The court of appeals then has 30 days to decide whether to grant the authorization to file. § 2244(b)(3)(D). A court of appeals' decision whether to grant authorization "to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." §2244(b)(3)(E).

Stewart v. Martinez- Villareal, 523 U.S. 637, 641 (1998).

Harrison has motioned this court for a "Certificate of Appealability to file [a] successive habeas petition" (filing no. 5), presumably in an attempt to meet the requirements imposed by Section 2244(b)(3)(A). However, Harrison must seek and receive permission from the United States Court of Appeals for the Eighth Circuit to

file his successive Petition in this court. Because there is no indication in the record that he has done so, the Petition must be dismissed.

IT IS THEREFORE ORDERED that:

1. Harrison's Petition (filing no. 1) is dismissed without prejudice to the reassertion of a subsequent petition upon certification by the Eighth Circuit Court of Appeals.

2. Harrison's pending motions (filing nos. 5 and 6) are denied.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

October 21, 2009.                    BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.